## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

LUIS RODRIGUEZ TORRES,
 Plaintiff.

v.

BAXTER HEALTHCARE CORP.,
 Defendant.

Civ. No. 04-2380 (HL)

## OPINION AND ORDER

Plaintiff Luis Rodriguez Torres ("Rodriguez") brings this action against Defendant Baxter Healthcare Corp. ("Baxter") alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Rodriguez also seeks to invoke this Court's supplemental jurisdiction for Commonwealth law claim pursuant to Puerto Rico's Law 100, Law 44 and Articles 1802 and 1803 of the Puerto Rico Civil Code. *See* 28 U.S.C. § 1367. Before the Court are Defendant Baxter's Motion for Summary Judgment (Docket No. 13), Plaintiff's Opposition to Baxter's Motion (Docket No. 24) and Baxter's Reply (Docket No. 30). For the reasons set forth below, Baxter's Motion for Summary Judgment is hereby **GRANTED**.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the

truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## BACKGROUND

As required under the summary judgment standard, the Court recites the following undisputed relevant facts in the light most favorable to the non-movant Plaintiff, drawing all reasonable inferences in his favor. *Terry v. Bayer Corp.*, 145 F.3d 28 (1st Cir. 1998). Rodriguez began working at Baxter as an Operator in May 1999, working with an automatic assembly machine. Rodriguez's duties included "feeding" the machine and ensuring the operations ran smoothly. Prior to joining Baxter, Rodriguez was treated for

Civil No. 04-2380 (HL)                              3

depression.  He was released from treatment and considered himself fully recuperated in August 1999.  After finishing treatment, Rodriguez was overjoyed and informed his co-workers that he had been treated and recovered from depression.

Rodriguez began working with Group Leader Wilfredo Rivera ("Rivera"), Rodriguez's supervisor's assistant in October 1999.  Rivera's duties as a group leader included receiving orders from the supervisor, along with distributing the job assignments to the employees.  According to Rodriguez, Rivera would pressure him to fulfill his quota of production.  This was the only type of "pressure" Rivera exerted on Rodriguez.  Rodriguez complained of Rivera's conduct to his immediate supervisor, engineer Carlos Rodriguez.

In January 2001, Rodriguez was transferred to another position, under the supervision of Wifredo Cintron.  In this new position, Rodriguez has been treated in the same manner as other employees and received raises in his salary.  Notwithstanding, Rodriguez returned to a psychiatrist in 2002, but never told any individual at Baxter that he recommenced treatment.   In 2002 and 2004, Rodriguez applied to various operator positions which opened at Baxter.  He was never appointed to any of these positions. On December 15, 2004, Rodriguez filed this instant action, alleging disability discrimination in violation of the ADA.

## DISCUSSION

The purpose of the ADA is to protect qualified persons with a disability from discrimination in employment.  42 U.S.C. §12112(a).  The ADA prohibits discrimination against qualified individuals with disabilities in all employment practices, including, but not limited to job application procedures, hiring, firing, advancement and compensation.  *Id*.   Discrimination under the ADA also includes not "making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability....unless....the accommodation would impose an undue hardship

Civil No. 04-2380 (HL)                              4

on the operation of the business." *Id.* at  § 1212(b)(5)(A).

To establish a claim under the ADA, a plaintiff must first establish a prima facie case of disability discrimination. *Lessard v. Osram Sylvania, Inc,* 175 F.3d 193, 197 (1st Cir. 1999).  Specifically, a plaintiff must show (1) that he suffers from a disability or handicap, as defined by the ADA; (2) that he was nevertheless able to perform the essential functions of her job, either with or without a reasonable accommodation; and (3) that his employer took an adverse employment action against him because of, in whole or in part, his protected disability. *Id.*

 The threshold question in any ADA action is whether the plaintiff can make a showing of disability.  This requirement can be satisfied by demonstrating a physical or mental impairment that substantially limits one or more major life activities.  42 U.S.C. § 12102(2)(A).  On this question, the First Circuit has established a three part standard. First, the Court must examine whether Rodriguez's alleged condition constitutes a mental or physical "impairment." *Carroll v. Xerox Corp.*, 294 F.3d 231, 238 (1st Cir. 2002). Second, the Court must identify the life activities upon which Rodriguez relies to determine whether they constitute "major life activities" under the ADA, that is,  activities which are of "central importance to daily life." *Id.* (quoting *Toyota Motor Mfg., Ky., Inc., v. Williams*, 534 U.S. 184, 198 (2002)).  Lastly, the Court need ascertain whether the impairment or disability substantially limits the activity characterized  as a major life activity. *Id.*  To be considered substantially limiting, the impairment's impact must be permanent or long-term. *Id.*  Furthermore, "it is insufficient ...to merely submit evidence of a medical diagnosis of impairment." *Toyota,* 534 U.S. at 691.  Rather, Rodriguez must adduce evidence illustrating that the extent of the limitation caused by the impairment is substantial. *Id.* at 691-92.

Once a plaintiff meets the threshold requirements articulated above, the well established burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), comes into play. *Higgins v. New Balance Athletic Shoe, Inc.,* 194

Civil No. 04-2380 (HL)                              5

F.3d 252, 264 (1st Cir. 1999) (approving the use of the *McDonnell Douglas* framework in connection with ADA claims of disability discrimination).  The burden of production then shifts to the employer to articulate a legitimate nondiscriminatory reason in response for the challenged adverse action. *Zapata-Matos v. Reckitt & Colman, Inc.,* 2002 WL 24422 (Jan. 14, 2002).  Once the reason in articulated, the presumption of discrimination drops, *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511 (1993), and the sole remaining issue is of discrimination vel non.  *Reeves v. Sanderson Plumbimg Prod., Inc.*, 530 U.S. 133, 142 (2000).  To prevail, the plaintiff is required to show that employer's explanation was mere pretext for discrimination. *Melendez-Arroyo v. Cutler Hammer de P.R. Co.*, 273 F.3d 30, 33 (1st Cir. 2001).

In the case at hand, Rodriguez cites his depression as disability.  Major depression can be a covered disability under the ADA.  *See* 29 C.F.R § 1630.2(h)(2) (defining physical or mental impairment as "[a]ny mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.").  Therefore, Rodriguez must produce sufficient evidence that his depression substantially limits a major life activity.  *Carroll* 294 F.3d, at 238.   Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. *See* 29 C.F.R § 1630.2(i).

In his opposition, Rodriguez maintains that as a result of the medication he takes to treat his depression, he becomes drowsy and sleepy, decreasing his rate of production at work.  *See* Pl.'s Opp'n at 3.  The only evidence provided by Rodriguez to establish his disability is an electronically signed Statement under Penalty and Perjury, along with illegible medical documentary evidence filed in the Spanish language (Exhibit B to Plaintiff's Opposition).  While ruling on the Motion for Summary Judgment, the Court will not consider this medical documentary evidence filed in the Spanish language, as local rules require all documents not in the English language be accompanied by a certified translation.  *See* Local Rules 10(b); *Ramos-Baez v. Bossolo-Lopez*, 445 F.3d 19, 24 (1st

Civil No. 04-2380 (HL)                                  6

Cir. 2006) ("In the past, we have refused to consider materials submitted to the court in any language other than English, and we continue to do so."); 48 U.S.C. § 864 (noting "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language").

     Furthermore, the Supreme Court has established that sole reliance on a medical diagnosis is insufficient to establish disability status under the ADA. *Toyota,* 534 U.S. at 198. Instead, Rodriguez is required to prove his disability by offering evidence that the extent of his limitation is substantial. *Id.* Aside from Rodriguez' electronically signed Statement Under Penalty and Perjury, which makes no reference to extent of Rodriguez's limitations due to his depression, Plaintiff has not presented any evidence that his depression has restricted him from performing tasks that are of central importance to most people's daily lives. *See Id.* On the contrary, Rodriguez's evidence illustrates that he continued working during the alleged periods of discrimination and was able to carry out the duties of his position, albeit at a slower pace. The Court finds that Rodriguez's decreased rate of production does not rise to the level of disability as required by the ADA. Furthermore, upon his transfer to a different position in January 2001, Rodriguez has continued to work in a satisfactory manner, receiving customary increases in salary. Given that the plaintiff has not met his initial threshold burden of establishing a disability under the ADA, the Court need not go further.[1] Accordingly, Rodriguez's ADA claims are hereby dismissed with prejudice.

     The assertion of supplemental jurisdiction over state law claims is within a federal court's discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). If federal law claims are dismissed before trial, the state law claims should also be dismissed.

---

[1] Even assuming Rodriguez could establish a prima facie case under the ADA, the record is devoid of any evidence of discriminatory animus based on disability or that Rodriguez's depression was the true reason he was not selected by Baxter for the various operator positions.

Civil No. 04-2380 (HL) 7

*Id.* Having dismissed all federal law claims, the Court declines to exercise supplemental jurisdiction over Rodriguez's Commonwealth law claims.

## CONCLUSION

**WHEREFORE**, Defendant's Motion for Summary Judgment is granted. Plaintiff's ADA claim is dismissed with prejudice. Plaintiff's Commonwealth law claims are dismissed without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 28, 2006

HECTOR M. LAFFITTE
Senior United States District Judge